UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JAMEL ALBRITTON,

                Petitioner,                                      MEMORANDUM AND ORDER
                                                                             11-CV-3482 (RRM)

      - against -

COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONAL
SERVICES,

                Respondent.
-----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Pending before this Court is petitioner Jamel Albritton's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks relief from his October 26, 2005 conviction following a jury trial in the New York State Supreme Court, Kings County, on one count of Criminal Possession of a Weapon in the Second Degree under New York Penal Law ("N.Y.P.L.") § 265.03, and two counts of Criminal Possession of a Forged Instrument in the Second Degree under N.Y.P.L. § 170.25. (Trial Tr. (Doc. Nos. 5–6) at 1051–52.) Petitioner was sentenced, as a persistent violent felony offender, to concurrent prison terms of seventeen years to life for the weapon possession conviction and three and one-half to seven years on each of the two forged instrument convictions. (Sentencing Tr. (Doc. No. 6-2) at 14.)

      Petitioner asserts two grounds for habeas relief: first, that the trial court failed to submit a justification instruction relating to the charge of Criminal Possession of a Weapon in the Second Degree, and second, that the trial court improperly sentenced petitioner as a persistent violent offender. (Habeas Pet. (Doc. No. 1) at 6–7.)

      For the reasons set forth below, the petition is denied in its entirety.

**BACKGROUND**

### I. The Murder of Luther Bryant

Petitioner's conviction arose from the murder of Luther Bryant in the early morning hours of November 10, 2003. Bryant and Andre Collins were waiting outside of petitioner's girlfriend's apartment in Brooklyn when defendant came out of the building and fired three shots at Bryant, one striking Bryant in the head and killing him. After the shooting, petitioner fled to California for approximately five weeks, using false identification bearing a fake name. Petitioner was arrested upon his return from New York in possession of the false identification.

### II. Jury Charge

At trial, petitioner claimed he shot Bryant in self-defense. During the charge conference, the court discussed the fact that the justification instruction would be explicitly limited to the charges of murder in the second degree and manslaughter, and at no point did petitioner request the trial court to give a justification instruction with respect to the weapons charge. (Trial Tr. at 833–38.) At the conclusion of the trial, the court charged the jury on Murder in the Second Degree and Manslaughter in the First Degree, the two charges relating to the shooting of Bryant (*Id*. at 973–76), as well as Criminal Possession of a Weapon in the Second Degree  (*Id*. at 982–86), and two counts of Criminal Possession of a Forged Instrument in the Second Degree  (*Id*. at 986–90.)   The trial court charged the jury on the defense of justification, making clear that this defense applied only to the charges of murder and manslaughter. (*Id*. at 976–82.) Petitioner did not object to the omission this instruction after the final jury charge was given.

The jury acquitted petitioner of Murder in the Second Degree and Manslaughter in the First Degree, but convicted petitioner on one count of Criminal Possession of a Weapon in the

Second Degree, and two counts of Criminal Possession of a Forged Instrument in the Second Degree.  (Trial Tr. 1051–52.)

### III. Sentencing

The trial court held a sentencing hearing to determine whether petitioner qualified for persistent felony offender status based on two prior convictions, a 1992 conviction by plea for Robbery in the Second Degree, and a 1995 conviction by plea for Assault in the First Degree, for which petitioner was adjudicated a second violent felony offender based on the 1992 robbery conviction.  Petitioner contended at the before the trial court that he was entitled to Youthful Offender ("YO") adjudication on his 1992 conviction, and that his attorney at the time failed to advise him about his eligibility for YO treatment.  (Hr'g Tr. dated July 14, 2006 (Doc. No. 6-2) at 13–16.)  Moreover, petitioner contended that as a result, this conviction should not have been used as a predicate to adjudicate him a second violent felony offender in sentencing him on his 1995 conviction.  Petitioner also claimed that the sentencing court in 1995 failed to comply with the requirements of N.Y. Criminal Procedure Law § 400.15(3).

The trial court issued a written decision rejecting all of petitioner's claim. (*See* Decision dated Aug. 16, 2006 (Doc. No. 6-3) at 1–6.)  The court found that petitioner had been fully advised of his rights before pleading guilty in 1992 and that petitioner had been informed at that time that he would not receive YO treatment, and that petitioner had been informed that he would be sentenced as a second violent felony offender before pleading guilty in 1995.  The trial court ultimately adjudicated petitioner to be a persistent violent offender and sentenced him to concurrent prison terms of seventeen years to life for the weapon possession conviction and three and one-half to seven years for the two forged instrument convictions.  (Sentencing Tr. (Doc. No. 6-2) at 14.)

3

### IV. Post-Trial Proceedings

On January 23, 2006, petitioner moved to set aside the verdict on the single ground that the trial court failed to instruct the jury on the defense of justification, as it related to the charge of Criminal Possession of a Weapon.  (*See* Mot. to Set Aside Verdict (Doc. No. 6-3).)  The trial court denied petitioner's motion and found that in New York, the law "is firmly settled that 'the defense of justification is inapplicable to the Crime of Criminal Possession of a Weapon in the Second Degree."  (Decision dated Mar. 20, 2006 (Doc. No. 6-3) at 1–2 (citations omitted).)

Petitioner appealed his conviction to the Appellate Division, Second Department and argued that (1) the trial court failed to charge the defense of justification as to Criminal Possession of a Weapon in the Second Degree, and (2) that he was improperly sentenced as a persistent violent felony offender.  (Br. for Def-App. (Doc. No. 4-1) at 3.)  The Appellate Division affirmed petitioner's conviction and held that his first argument was "unpreserved for appellate review" and "[i]n any event, the trial court properly refused to charge the defense of justification with respect" to Criminal Possession of a Weapon in the Second Degree.  *People v. Albritton*, 69 A.D.3d 866, 866 (2d Dep't 2010).  Additionally, the Appellate Division held that the trial court "properly adjudicated him a persistent violent felony offender based on his 1992 and 1995 convictions" and that petitioner was "estopped from challenging his 1992 conviction because he did not challenge its constitutionality in 1995, when it served as the predicate for his sentencing as a second violent felony offender."  *Id*. at 867.

On July 21, 2010, the Court of Appeals denied petitioner's request for leave to appeal.  *People v. Albritton*, 15 N.Y.3d 771 (2010).

On July 19, 2011, petitioner timely filed this petition for writ of habeas corpus.  (Doc. No. 1.)

**APPLICABLE LAW**

I. **Standard of Review Under 28 U.S.C. § 2254(d)(1)**

In deciding a federal habeas corpus petition, the Court must apply the standard of review set forth by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254 ("AEDPA"). AEDPA requires a rigorous standard of review with regard to petitions filed by state prisoners. *See Williams v. Taylor*, 529 U.S. 362, 402–03 (2000). Under AEDPA:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Though the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are analyzed independently, both limit the source of the "clearly established law" to the jurisprudence of the Supreme Court. *Williams*, 529 U.S. at 404–05, 412; *see also Howard v. Walker*, 406 F.3d 114, 122 (2d Cir. 2005).

A state court "adjudicates a state prisoner's federal claim on the merits when it (1) disposes of the claim on the merits, and (2) reduces its disposition to judgment." *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001) (citation and internal quotation marks omitted). "When a state court does so, a federal habeas court must defer in the manner prescribed by 28 U.S.C. § 2254(d)(1) to the state court's decision on the federal claim – even if the state court does not explicitly refer to either the federal claim or to relevant federal case law." *Id.* This is because "federal courts recognize a conclusive presumption that, when presented with an express federal claim, a state court's decision rests principally upon an application of federal law even

absent any express reference to federal authority." *Reznikov v. David*, No. 05 Civ. 1006, 2009 WL 424742, at *3 (E.D.N.Y. 2009) (citing *Sellan*, 261 F.3d at 314).

The Supreme Court has noted that a state court decision will be "contrary to" established Supreme Court precedent if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if a state court "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams*, 529 U.S. at 405–06.

Further, the Supreme Court has held that, with respect to the "unreasonable application" clause, a federal court may grant a petitioner's writ of habeas corpus "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 413. The state court's application, however, must be "objectively unreasonable," *id*. at 409–10, a "higher threshold" than "incorrect." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Moreover, if a federal court "finds that the state court engaged in an unreasonable application of established law, resulting in constitutional error, it must next consider whether such error was harmless." *Howard*, 406 F.3d at 122 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 629–30 (1993)).

AEDPA requires that federal courts treat state court adjudication with great deference. *Brown v. Artuz*, 283 F.3d 492, 500 (2d Cir. 2002). This deference is warranted "even if the state court decision does not explicitly refer to either the federal claim or to relevant federal case law." *Sellan*, 261 F.3d at 312. Moreover, this standard extends to factual determinations made by the state court: "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Petitioner can only rebut this presumption of correctness with clear and convincing evidence. *Parsad v. Greiner*, 337 F.3d 175, 181 (2d Cir. 2003).

6

The "unreasonable determination" inquiry under § 2254(d)(2) has also been elucidated by the Supreme Court: "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams*, 529 U.S. at 410 (emphasis in original). A state court's application of federal law must be "objectively unreasonable." *Id.* at 409. This is even more stringent a requirement than clear error, which can be distinguished from unreasonableness for the purposes of this inquiry. *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Indeed, the Second Circuit has required "some increment of incorrectness beyond error," *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000), but noting that though "[s]ome increment of incorrectness beyond error is required . . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Jones v. Stinson*, 229 F.3d 112, 119 (2d Cir. 2000) (citations and internal quotation marks omitted).

## II.   Adequate and Independent State Ground Doctrine

The Supreme Court has noted that the "adequate and independent state ground doctrine applies on federal habeas" such that "an adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations and internal quotation marks omitted); *see also Lee v. Kemna*, 534 U.S. 362, 376 (2002) ("Ordinarily, violation of firmly established and regularly followed state rules . . . will be adequate to foreclose review of a federal claim." (citation and internal quotation omitted)); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Messiah v. Duncan*, 435 F.3d 186, 195 (2d Cir. 2006) ("Federal courts considering habeas corpus petitions are generally barred from reviewing the decisions of state courts insofar as those decisions are predicated on adequate and

7

independent state grounds.")  Thus, a federal court may not entertain a procedurally barred claim "absent a showing of cause and prejudice to excuse the default," or unless the petitioner "can demonstrate actual innocence of the substantive offense."  *Dretke v. Haley*, 541 U.S. 386, 387–88 (2004) (citing *Murray*, 477 U.S. at 496).

In order to show "cause" for a default, a habeas petitioner must demonstrate that "some objective factor external to the defense" prevented petitioner from presenting the claim.  *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).  Where a petitioner has failed to demonstrate cause, the court need not address the issue of prejudice.  *Rivera v. Artus*, No. 04 Civ. 5050, 2007 WL 3124558, *6 (E.D.N.Y. Oct. 25, 2007); *see also Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985) ("[W]e need not, in light of our conclusion that there was no showing of cause, reach the question of whether or not [petitioner] showed prejudice.").  If petitioner does establish cause, petitioner must then demonstrate "prejudice" by showing that "'there is a reasonable probability' that the result of the trial would have been different" had the alleged constitutional violation not occurred.  *Strickler v. Greene*, 527 US. 263, 289 (1999) (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)).

The "fundamental miscarriage of justice" exception to a procedural bar provides relief for those "rare" and "extraordinary" cases in which a habeas petitioner is able to establish his actual innocence and show that the claimed error led to his conviction.  *Schlup v. Delo*, 513 U.S. 298, 321 (1995) (citing *Murray*, 477 U.S. at 496).  "Explicitly tying the miscarriage of justice exception to innocence thus accommodates both the systemic interests in finality, comity, and conservation of judicial resources, and the overriding individual interest in doing justice in the 'extraordinary case.'"  *Id.*

**DISCUSSION**

Petitioner asserts the same two grounds that he argued before the Appellate Division as grounds for habeas relief, namely: (1) the trial court failed to submit a justification instruction relating to the charge of Criminal Possession of a Weapon in the Second Degree, and (2) the trial court improperly sentenced petitioner as a persistent violent offender. (Habeas Pet. (Doc. No. 1) at 6–7.)

### I. Justification Instruction Relating to Criminal Possession of a Weapon in the Second Degree

Petitioner's claim that the trial court failed to give a justification instruction with respect to the charge of Criminal Possession of a Weapon in the Second Degree is precluded from habeas review on adequate and independent state procedural grounds. *See Messiah v. Duncan*, 435 F.3d 186, 195 (2d Cir. 2006). At no point during the trial, including the charge conference at which the justification instruction was explicitly limited to the charges of murder in the second degree and manslaughter, did petitioner request the trial court to give a justification instruction with respect to the weapons charge. (Trial Tr. at 833–38.) Nor did petitioner object to the omission this instruction after the final jury charge was given. As such, the Appellate Division properly held that this claim was "unpreserved for appellate review," *People v. Albritton*, 69 A.D.3d 866, 866 (2d Dep't 2010), as petitioner clearly failed to comply with New York's contemporaneous objection rule. N.Y. Crim. Proc. Law § 470.05(2).

Moreover petitioner fails to show any cause or prejudice to excuse this default and does not argue that he is actually innocent of this offense. Rather, petitioner states in conclusory fashion that the failure to object to the jury charge "was the result of the ineffective representation of petitioner by his trial counsel." (Pet. Aff. (Doc. No. 1) at 7.) Petitioner's argument falls short.

9

Not only has the Appellate Division found, in the alternative and on the merits, that "the trial court properly refused to charge the defense of justification with respect" to Criminal Possession of a Weapon in the Second Degree, *Albritton*, 69 A.D.2d at 866, it is well established that "[u]nder New York law, justification . . . is not a defense to second degree criminal possession of a weapon." *Davis v. Strack*, 270 F.3d 111, 134 (2d Cir. 2001). This is because "[w]hile a weapons-possession crime may be made more serious by the defendant's intent, it is the act of possessing a weapon unlawfully which is the essence of the possession offenses" and a person therefore "may not avoid the criminal charge by claiming that he possessed the weapon for his protection." *Id*. (citation omitted).[1] As such, petitioner's claim is plainly meritless, and thus trial counsel's "failure to [object and] make a meritless argument does not amount to ineffective assistance." *United States v. Regalado*, 518 F.3d 143, 150 n.3 (2d Cir. 2008) (citation omitted); *see also Strickland v. Washington*, 466 U.S. 668, 669 (1984).

## II. Persistent Violent Offender Status

Petitioner argues that he should not have been sentenced as a persistent violent offender because: (1) his 1992 felony conviction should not have been used as a predicate for his 1995 second violent felony conviction because he received ineffective assistance of counsel at the 1992 sentencing proceeding; and (2) in 1995, the sentencing court failed to comply with the requirements of New York Criminal Procedure Law § 400.15. (Pet. Aff. (Doc. No. 1) at 12-14.)

---

[1] The cases petitioner cites in his affidavit and reply papers are not to the contrary. (*See* Doc. No. 1 at 6; Doc. No. 7 at 2.) Petitioner cites to New York state case law that has been abrogated by *People v. Pons*, 68 N.Y.2d 264, 267 (1986), where the New York Court of Appeals held that "there are no circumstances when justification . . . can be a defense to the crime of criminal possession of a weapon." Petitioner's reference to *People v. Jones*, 4 Mis. 3d 782, 787 (Sup. Ct. Bronx Cnty. 2004) where possession and use of a gun occur at the same moment is inapplicable to petitioner's case. Likewise, petitioner's reference to *New Orleans & N.E.R. v. Jopes*, 142 U.S. 18 (1891) regarding the justification defense to homicide is inapposite. Additionally, petitioner's reliance on *Jackson v. Edwards*, 404 F.3d 612 (2d Cir. 2004) is misplaced. In that case, the Second Circuit expressly held that the petitioner was not entitled to a justification instruction with respect to the weapons possession charge, but that "the trial court's failure to give the requested instruction in defense of the homicide count 'so infected the entire trial' that both" the homicide and weapons convictions were tainted. *Id*. at 628.

After a sentencing hearing, the trial court properly found petitioner to be a persistent felony offender. The trial court determined that petitioner had been fully advised of his rights before pleading guilty in 1992, and that petitioner specifically had been informed at that time that he would <u>not</u> receive YO treatment. The trial court further found that petitioner had been informed that he would be sentenced as a second violent felony offender before pleading guilty in 1995. (*See* Decision dated Aug. 16, 2006 (Doc. No. 6-3) at 1–6.) The Appellate Division affirmed, holding that the trial "[c]ourt properly adjudicated [petitioner] a persistent violent felony offender based on his 1992 and 1995 convictions." *People v. Albritton*, 69 A.D.3d 866, 867 (2d Dep't 2010). The Appellate Division affirmed, and further held that petitioner was "estopped from challenging his 1992 conviction because he did not challenge its constitutionality in 1995, when it served as the predicate for his sentencing as a second violent felony offender." *Id.* (citing *People v. Rodriguez*, 49 A.D.3d 903, 904 (2d Dep't 2008); *People v. Adelman*, 36 A.D.3d 926, 928 (2d Dep't 2007)).

Defendant's claim that his 1992 conviction should not have been used as a predicate for his 1995 second violent felony adjudication is purely a matter of state law and is thus not cognizable on habeas review. *See Boutte v. Poole*, 07-cv-8412, 2008 WL 3166696, at *1 (S.D.N.Y. Aug. 4, 2008) (finding petitioner's claim, that he was improperly sentenced as a persistent violent felony offender because his first conviction was not a felony, was precluded from habeas review by independent and adequate state procedural ground).

Regarding his 1995 conviction, petitioner argues that the sentencing court failed to comply with New York Criminal Procedure Law § 400.15 because he "was not given the requisite opportunity to be heard concerning the propriety of the underlying 1992 conviction." (Pet. Aff. (Doc. No. 1) at 14.) This argument also fails as "[i]t is well settled that claims for

11

violation of a state procedural law do not present a federal question for which habeas relief may be granted." *Adelman v. Ercole*, 08-cv-3609, 2010 WL 3210718, at *3 (E.D.N.Y. Aug. 12, 2010) (citation omitted) (finding no federal question presented and denying habeas relief where petitioner alleged violation of New York criminal procedure law in his sentencing as a persistent violent felony offender). Furthermore, petitioner has not shown cause and prejudice to excuse this procedural default. Indeed, petitioner's reply papers do not address these claims at all. (*See* Doc. No. 7.) Thus, the state court determination is neither contrary to nor an unreasonable application of Supreme Court law, and petitioner is not entitled to habeas relief on these claims.

Petitioner's claim that his 1995 second felony adjudication was erroneous, and thus should not have been used to enhance his sentence in the instant case, is also barred from review on an independent and adequate state procedural ground. The Appellate Division determined that defendant was "estopped from challenging his 1992 conviction because he did not challenge its constitutionality in 1995, when it served as the predicate for his sentencing as a second violent felony offender." *Albritton*, 69 A.D. 3d at 866. In rendering that decision, the Appellate Division relied on its prior holding in People v. Rodriguez, 49 A.D.3d 903, 904 (2d Dep't 2008), which cited to N.Y. Criminal Procedure Law § 400.15(8). That provision, which relates to a sentencing court's second violent felony offender adjudication, states, in part: "Where a finding has been entered pursuant to this section, such finding shall be binding upon that defendant in any future proceeding in which the issue may arise." *See* N.Y.Criminal Procedure Law § 400.16(2) (making N.Y. Criminal ProcedureLaw § 400.15(8) applicable to procedures for persistent violent felon adjudications as well).

Because this statutory bar, which the Appellate Division implicitly applied to that portion of defendant's claim relating to the propriety of his 1992 conviction, constitutes an independent

12

and adequate state procedural ground precluding review of the merits of, at least, this portion of defendant's claim, the claim is barred from habeas review on this ground as well.

Petitioner again alleges that he "was the victim of ineffective assistance of counsel" because "[t]here was no conceivable reason not to challenge the prior conviction" at his 1995 sentencing. (Pet. Aff. (Doc. No. 1) at 14.) This argument is plainly meritless and does not constitute cause or prejudice for his defaults. Petitioner admitted before the trial court that at his predicate offense hearing in 1995, he was given an opportunity to state whether any of his constitutional rights had been violated by his prior 1992 felony conviction, that petitioner responded "No," and that petitioner admitted that he was a second violent felony offender. (*Id*. at 13–14; Hr'g Tr. dated July 24, 2006 (Doc. No. 6-2) at 35.) Moreover, to the extent petitioner wished to challenge the 1992 YO adjudication at his 1995 hearing, that argument would have failed because YO status is a statutory right pursuant to New York Criminal Procedure Law § 720.20 and not a constitutional right that may be challenged pursuant to New York Criminal Procedure Law § 400.15. *See People v. Moore*, 71 N.Y.2d 1002, 1005 (1988) ("[D]efendants may challenge predicate convictions . . . only on constitutional grounds."). This "failure to make a meritless argument does not amount to ineffective assistance" of counsel. *Regalado*, 518 F.3d at 150 n.3.

## CONCLUSION

Accordingly, it is hereby ORDERED that petitioner's habeas corpus petition (Doc. No. 1) is DENIED in its entirety, and his petition is DISMISSED. The Clerk of Court is directed to enter judgment accordingly, dismiss this petition and close the case.

SO ORDERED.


Dated: Brooklyn, New York            *Roslynn R. Mauskopf*
       August 20, 2013               _____
                                             ROSLYNN R. MAUSKOPF
                                             United States District Judge